# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DWIGHT MATHEWS,

    Petitioner,

-vs-                                                  Case No. 8:09-CV-57-T-30EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). The petition is time-barred. *See Jackson v. Secretary of Department of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002) (district court possesses discretion to raise the issue of the timeliness of a Section 2254 petition for habeas corpus sua sponte).[1]

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitations period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. § 2244(d)(1)(A).

---

[1] Petitioner was granted an opportunity to show cause why his petition should not be dismissed as time-barred (See Dkt. 4). Petitioner filed a response to the order to show cause (See Dkts. 10, 11).

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's convictions were final in 1989. The AEDPA's limitation period therefore began to run on April 24, 1996, upon enactment of the AEDPA and ran uninterrupted until its expiration on April 24, 1997. *See Wilcox v. Florida Dep't of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998) (because the AEDPA went into effect on April 24, 1996, petitioners with convictions that became final before that date had until April 24, 1997, to file their petitions). Consequently, Petitioner's federal petition, filed in 2009, is untimely and must be dismissed.

In his response to the Court's order to show cause, Petitioner asserts that his petition is timely because on December 19, 2007, the state trial court sentenced him as a habitual felony offender. He argues that he filed his petition within one year from the date his "new" sentence became final (See Dkt. 11).

In the state trial court's order denying Petitioner's motion for rehearing of the order denying Petitioner's motion to correct illegal sentence, the state court determined that it had sentenced Petitioner as a habitual felony offender in 1989 (Dkt. 11 at pgs. 21-24). The Court then noted that the written sentences did not reflect the Court's oral pronouncement that the Court sentenced Petitioner as a habitual felony offender (Id. at pg. 24). The Court then denied Petitioner's motion for rehearing, and directed the Clerk of the Court to prepare a "Corrected Sentence" which indicated that Petitioner was sentenced as a habitual felony

2

offender (Id.).

AEDPA's one-year limitation period usually begins to run after entry of an *amended* judgment following resentencing. *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007); *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286 (11th Cir. 2007). Petitioner, however, was not resentenced. The change in the written sentence was merely clerical. It only corrected what was essentially a scrivener's error, i.e., the omission of the oral pronouncement that Petitioner was sentenced as a habitual felony offender.[2] Petitioner's sentences remained unchanged. Petitioner is in custody on the judgments of convictions and sentences that became final in 1989. Therefore, the 2007 "Corrected Sentence," which did nothing more than correct a clerical or scrivener's error, did not restart AEDPA's one-year limitation period. *See, e.g., United States v. Greer*, 79 Fed. Appx. 974 (9th Cir. 2003)(unpublished)(amended judgment which merely corrected a clerical mistake in the original written judgment to clarify the terms of the sentence as orally pronounced at the sentencing hearing did not restart Section 2255's limitation period).

Accordingly, the Court **ORDERS** that:

1. Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** as time-barred.

2. The **Clerk** shall terminate any pending motions and close this case.

---

[2]In Florida, "[t]he term sentence means the *pronouncement* by the court of the penalty imposed on a defendant for the offense of which the defendant has been adjudged guilty." See Fla.R.Crim.P. 3.700(a) (emphasis added).

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on December 21, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*

4